BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant COLEMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 07-00284 MJJ |
| ) | |
| Plaintiff, ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| ) | |
| vs. ) | |
| ) | Date: February 29, 2008 |
| MAURICE COLEMAN, ) | Time: 1:30 p.m. |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

On February 29, 2008, defendant Maurice Coleman will plead guilty to a violation of 18 USC §922(g)(1) - felon in possession of a firearm. He will be sentenced on the same date. A pre-plea report ("PPR") was prepared by United States Probation Officer ("USPO") Constance Cook. The USPO recommends that Mr. Coleman be sentenced to 24 months in custody. Although Mr. Coleman disagrees with the USPO's guideline calculations, her recommendation is consistent with the agreed upon sentence in the Rule 11(c)(1)(C) plea agreement because she recommends a sentence at the low end of offense level 15, while the parties have stipulated to a sentence at the high end of offense level 13. Under either approach, the resulting sentence is 24 months in custody. Mr. Coleman agrees that this sentence is appropriate.

*United States v. Coleman*, CR 07-00284 MJJ
Defendant's Sentencing Memo                    1

**DISCUSSION**

**A.     The offense level should not be increased two levels based upon the number of guns**

The USPO increases the offense level based upon USSG. §2K2.1(b)(1)(A) because she calculates the number of firearms under relevant conduct to be seven. PPR ¶24. Mr. Coleman disagrees with this determination. At the time of his arrest on April 5, 2007, Mr. Coleman possessed one firearm which he discarded as he ran from police officers. PPR ¶¶14, 15. The conduct which the USPO argues is relevant conduct under the guidelines involve straw purchases of guns in Nevada on March 7, 2007.[1] However, in reviewing the three factors described in USSG §1B1.3, comment. (n.9), it is evident that the straw purchases would not be considered relevant conduct. First, the offense of setting up straw purchases is not that similar to the offense of being a felon in possession of a firearm. Second, the purported relevant conduct occurred on only on March 7, 2007, which the offense of conviction occurred approximately one month later. These facts do not support an argument that the offense occurred with regularity. Finally, the time interval between offenses is approximately one month. Given the amount of time that passed, there is nothing to suggest that the straw purchases in March constitutes the same course of conduct as being a felon in possession of a firearm one month later. Because the straw purchases do not constitute relevant conduct, the guns involved in the purchases should not be counted.

The fact that the USPO states that there are 7 firearms indicates that she may also be counting the non-existent rifles to which Mr. Coleman made reference in order to get the undercover agent to appear and bring money on April 5, 2007. However, a search of the car and surrounding areas make it clear that there were never actually any rifles for sale. Because there

---

[1] The USPO actually lists the straw purchases under the title "Behavior Not Part of Relevant Conduct" but apparently still counts the guns as relevant conduct. *See* PSR ¶¶6-10, 24.

*United States v. Coleman*, CR 07-00284 MJJ
Defendant's Sentencing Memo                        2

were never any rifles, the USPO erred in increasing the guidelines based upon the non-existent guns. The correct offense level in this case should be 13, not 15.

**B.    24 Months In Custody is the Appropriate Sentence**

In accordance with the plea agreement, Mr. Coleman agrees that the reasonable and appropriate disposition of this case under the guidelines, as well as the factors described in 18 USC §3553(a), is a sentence of imprisonment at the high end of offense level 13 and the relevant criminal history category. Plea Agreement at ¶8. The USPO calculates Mr. Coleman's criminal history category to be III. PSR ¶40. Although Mr. Coleman initially objected to the criminal history category, he has reviewed the priors which are listed in the PSR and believes that they are accurate. Therefore he withdraws his objection to the criminal history category.

A sentence at the high end of offense level 13 and criminal history category III is a sentence of 24 months. The USPO recommends a sentence at the low end of offense level 15 and criminal history category III which also is a sentence of 24 months.

A sentence of 24 months adequately meets the purposes of sentencing as described in 18 USC §3553(a). For example, the nature and circumstances of the offense, being a felon in possession of a firearm is a serious offense and is made more serious by the circumstances surrounding Mr. Coleman's possession of the gun. Because of his actions surrounding the offense, Mr. Coleman has received a two level enhancement for reckless endangerment as well as an agreed upon sentence at the high end of the guidelines.

The nature and seriousness of the offense is balanced with history and characteristics of Mr. Coleman who has a minor criminal history and has been working to support his children. Furthermore, a sentence of 24 months in this case is sufficient to show respect for the law, just punishment and adequate deterrence. It is not an insubstantial amount of time in custody and will serve as a continuing reminder to Mr. Coleman that he needs to take a different direction in

*United States v. Coleman*, CR 07-00284 MJJ
Defendant's Sentencing Memo                              3

his life if he wants to be present and a positive role model to his children. Mr. Coleman already understands this and has taken steps to become a more productive member for his family and for the community.

Finally, Mr. Coleman does not need to be in custody more than 24 months in order to be provided with any "needed educational, vocational or other correctional treatment." 18 U.S.C. §3553(a)(2)(D). Mr. Coleman hopes to get his GED while in custody and obtain some job training. A sentence of 24 months is more than adequate to provide him with any such needed educational or other treatment.

Although the USPO recommends a fine, it is inconsistent with the agreed upon sentence. Mr. Coleman asks the Court not to impose a fine.

**CONCLUSION**

For all of the reasons described above, Mr. Coleman respectfully asks the Court to sentence him to 24 months in custody to be followed by 3 years of supervised release, and a $100 special assessment.

Dated: February 27, 2008

Respectfully submitted,

BARRY J. PORTMAN
Federal Public Defender

/S/

JOYCE LEAVITT
Assistant Federal Public Defender